IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 18, 2006 Session

## STATE OF TENNESSEE, ex rel., JONATHAN HULON BROWN v. JACKIE LYNN ROSS

**Direct Appeal from the Juvenile Court for Shelby County**
**No. R685      George E. Blancett, Special Judge**

---

**No. W2005-01730-COA-R3-JV - Filed July 25, 2006**

---

Jonathan Hulon Brown ("Father") appeals the trial court's refusal to change the surname of his minor child, born out of wedlock, from that of the minor child's mother Jackie Lynn Ross ("Mother") to that of Father.  For the reasons set forth below, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

William E. Friedman, Memphis, Tennessee, for the Appellant, Jonathan Hulon Brown.

John C. Ryland, Memphis, Tennessee, for the Appellee, Jackie Lynn Ross.

**OPINION**

*Factual Background and Procedural History*

This case involves the surname of a child born out of wedlock to Jonathan Hulan Brown ("Father") and Jackie Lynn Ross ("Mother").  On June 17, 2004, Mother gave birth to the minor child, R.A.R ("the minor child").  On July 1, 2004, an "Administrative Order for Parentage Test" was issued by the Title IV-D Administrator of the Tennessee Department of Human Services requiring Mother and Father to submit to DNA testing to determine parentage of the minor child. The parentage test results were completed on August 11, 2004, and confirmed that Father was the biological father of the minor child.

Father subsequently filed a Petition for Visitation and on November 4, 2004, Father was granted specific visitation with the minor child.  On December 13, 2004, the State of Tennessee and Father filed a Petition to Establish Parentage, in which Father requested the court to establish

parentage of the minor child, set child support in accordance with the Tennessee Child Support Guidelines, and determine the surname of the minor child. On March 18, 2005, a hearing was conducted by a juvenile referee in which the referee determined that Father was the natural father of the minor child and awarded custody of the minor child to Mother. The referee further made recommendations on child support and maintenance of health insurance for the benefit of the minor child and also recommended that the surname of the minor child be changed to that of Father. These findings and recommendations were confirmed as the decree of the Memphis and Shelby County Juvenile Court on March 18, 2005.

On March 22, 2005, Mother filed a Request for Hearing Before the Judge seeking a hearing regarding matters heard by the juvenile court referee. On June 30, 2005, a hearing was held to determine whether the minor child's surname should be changed to that of Father. During the hearing, Father testified that one basis for his request for a change of surname stemmed from his belief that children should bear the last name of their father. Father also testified that he believed it was in the best interest of the child to carry his last name. Specifically, Father stated that his family name had a good reputation in the Memphis community and that his family members were known for helping people out as well as being involved in several charity events. Father also stated that his grandfather was well-known in the Memphis area due to his service in World War II as well as for starting the first saddle club for southern amateur horse riders. In further supporting his claim that a change of surname was in the minor child's best interest, Father testified that Mother was twenty years old and never married, and should she marry and take her spouse's last name, the minor child would share last names with neither parent. Father also stated that changing the minor child's surname to that of Father's would increase Father's closeness with the minor child.

On cross examination, Father testified that he would love the minor child regardless of the minor child's last name. Father also stated that he did not know the reputation of Mother's family name and could not compare the benefits of disadvantages of having either last name. Father also testified that Mother had no brothers to carry on her father's family name. When questioned about the care of the minor child, Father admitted that the minor child's medical records were in the name of "Ross" and further acknowledged that the minor child would be primarily under Mother's care. When questioned about his own reputation, Father admitted that he had been arrested for a curfew violation when he was under seventeen years of age. Mother presented no proof at the hearing. After hearing Father's proof, the court held that Father failed to meet his burden of proof requiring him to show that changing the minor child's surname would be in the minor child's best interest. Father Appeals.

### Issues Presented

Father presents the issue of whether the trial court erred in failing to change the surname of the minor child to that of Father. Additionally, Mother raises the issue of whether Father should be required to pay the attorney's fees and litigation expenses Mother has incurred in

defending this appeal. For the reasons stated herein, we affirm the trial court and deny Mother's request for attorney's fees.

## Standard of Review

In matters heard by a trial judge sitting without a jury, our review of the trial court's findings of fact is *de novo* upon the record, accompanied by a presumption of correctness. Tenn. R. App. P. 13(d) (2005). We will not reverse the trial court's factual findings unless the evidence in the record preponderates against those findings. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). A trial court's conclusions on questions of law are reviewed *de novo*, but without any presumption of correctness. *Id.* (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

## Analysis

### Change of Surname
Section 68-3-305 of the Tennessee Code provides as follows:

> (b)(1) If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth and all information pertaining to the father shall be omitted, and the surname of the child shall be that of either:
> (A) The surname of the mother;
> (B) The mother's maiden surname; or
> (C) Any combination of the surnames listed in subdivisions (b)(1)(A) and (b)(1)(B)
> . . . .
> (c) In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

Tenn. Code Ann. § 68-3-305(b)(1) & (c) (Supp. 2005).

In determining whether the surname of a child born out of wedlock should be subsequently changed from that of the mother, this Court has held that

> [t]he courts should not change a child's surname unless the change promotes the child's best interests. . . . Among the criteria for determining whether changing a child's surname will be in the child's best interest are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from

bearing either its present name or its proposed surname. . . .  The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests.

*Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993) (citations omitted).

In the case at bar, the only evidence submitted by Father on his behalf consisted of his own personal testimony as well as an obituary for Father's grandfather.[1]  In testifying regarding the potential effect that changing the minor child's surname would have on the minor child's relationship with each parent, Father stated that changing the minor child's surname to Father's surname would increase Father's closeness with the minor child.  However, the record reflects that Father presented no evidence regarding the effect on the relationship between the minor child and Mother should the minor child's surname be changed, and further admitted on cross-exam that he would love the minor child the same regardless of the minor child's last name.  In regard to family reputation, Father testified that his family had a good name in the Memphis area and were well known for participating in several charity events.  However, Father presented no evidence regarding the community respect associated with Mother's surname and further admitted on cross-examination that he could not compare the benefits and disadvantages of having either his or Mother's surname.  Furthermore, although Father asserts on appeal that the length of time that the minor child has had Mother's surname is moot because the minor child is too young to realize the significance of his surname, Father did state at trial that the minor child was listed as having Mother's surname on all of his medical records, and further admitted that the minor child would be primarily in Mother's care.

After reviewing the record in this case, we cannot say that the evidence preponderates against the trial court's finding that Father failed to carry the requisite burden of proof to establish that changing the minor child's surname would be in the best interest of the minor child.  Accordingly, we affirm.

## *Attorney Fees*

In her brief, Mother argues that Father should be required to pay attorney fees and litigation expenses that Mother has incurred in defending this appeal.  Although not specifically cited in her brief, Mother appears to assert entitlement to attorney fees under section 27-1-122 of the Tennessee Code, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but

---

[1] We find it unnecessary to address the propriety of the trial court in admitting the obituary into evidence in this case.

need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000). After reviewing the record in this case, we decline to hold that this is a frivolous appeal. Accordingly, we decline to award Mother attorney fees in this matter.

### *Conclusion*

For the reasons stated above, we affirm the trial court and decline to award Mother attorney fees in this matter. Costs of this appeal are assessed against Appellant, Jonathan Hulon Brown, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE